L'HOMMEDIEU *v.* THE H. L. DAYTON.

*(District Court, D. New Jersey.   May 31, 1889.)*

1. TOWAGE.
   An offer to pay the amount agreed to be due for towage, less certain disputed claims for damages to respondents' barges other than the one for which the towage is claimed, coupled with a demand for a receipt in full, is not a sufficient tender to destroy the lien on said barge for the towage.

2. SAME—APPLICATION OF PAYMENTS.
   A payment on the general towage account without direction by the debtor as to its application may be applied by the creditor to such parts of his account as he desires, before the account is settled, or an action is brought, and if he has applied none of it to the towage against the barge in question, the barge-owner cannot complain.

In Admiralty.   Libel for towage.

*Anson B. Stewart,* for libelant.

*Bedle, Muirheid & McGee,* for respondents.

WALES, J.   This is a libel *in rem* to enforce the payment of a lien for towing the barge H. L. Dayton during the month of August, 1887.   It is admitted that the towage services were rendered, and that the charges for the same are correct, but the respondents, in their answer, set up a tender of payment before the libel was filed.   The sum total of the libelant's account for towage, during August, was $510.50, including the five items of charge against the Dayton, which last amounted to $92.50. This monthly account is credited, on November 24, 1887, with a payment of $250, and the respondents allege that at different times afterwards they offered to pay the balance of the account, less certain claims for damages done to two other of their barges by the libelant's tugs. There is no doubt that such an offer was made, perhaps more than once, and that it was always refused because it was coupled with a demand for a receipt in full; but there is no proof of any specific tender of payment of the sum due for towing the Dayton.   The fact that no separate bill for towing the Dayton was ever presented to the respondents does not affect the lien against that barge one way or the other, nor will the proposition to pay the August account by a smaller sum than the balance called for support the tender.   To make a tender effective, as a defense to the suit, it should have been for the full amount of the balance.   The correctness of the account was not disputed, but the respondents attempted to compel or make a settlement on their own terms.   This is not permissible.

The contention that a proportionate part of the credit of $250 should be applied to the reduction of the charges against the Dayton is opposed to the rule that the debtor must make the application at the time of the payment; and, if he omits to do so, the creditor can make the appropriation in any way he may think proper, and at any time before an account is settled, or before action is brought.   *Pickering v. Day*, 3 Houst. 537.   The respondents waived their right by silence.   The libelant says that he directed his book-keeper not to credit any portion of the $250 to

the account of the Dayton, and this testimony is uncontradicted. The tender is not proved, and a decree will therefore be entered for the libelant for $92.50, with costs.